PRESTON WARE & others *vs.* HAYWARD RUBBER COMPANY.

Under a written contract, by which commission merchants agree that they will receive goods consigned to them, and insure and sell the same in accordance with provisions therein contained, and charge on all such sales a certain specified commission, which charge shall include commission, labor, cartage, insurance, and every expense whatever no action lies to recover for services or expenditures on goods consigned to and received by them under the contract, and not sold, but, at the termination of the contract, at the request of the consignees and by consent of the consignors, transferred by them to other commission merchants, who were appointed to succeed them as agents for the sale of the goods; and evidence is incompetent to prove a usage of commission merchants to charge one half commissions, under such circumstances.

CONTRACT for commissions on india rubber goods consigned by the defendants to the plaintiffs for sale, and transferred by the plaintiffs to Dane, Wheeler & Co., who were appointed to succeed them as agents of the defendants.

At the trial in this court, before *Hoar,* J., the case, which is stated in the opinion, was reported by agreement for the determination of the whole court.

*J. G. Abbott,* for the plaintiffs. The contract was made to provide a compensation for goods which were sold; and did not undertake to provide for goods in reference to which services might have been rendered and expenditures made, although the goods remained unsold at the termination of the contract. For such services and expenditures, the plaintiffs may recover a reasonable compensation, if, before the consummation of the sale, the contract was given up without their wilful default. In this case, the contract was given up by mutual consent; and a reasonable compensation is measured by the custom.

*W. J. Hubbard,* for the defendants.

CHAPMAN, J. The plaintiffs' right to recover depends upon the construction to be given to the contract of January 29th 1855, under which the dealings of the parties were carried on. The material portions of the contract were as follows : " The aforesaid Hayward Rubber Company hereby agree to consign to said firm of Preston Ware, Jr. & Co., india rubber boots and shoes, of their manufacture, at the railroad station in Boston free of expense ; and the aforesaid Preston Ware, Jr. & Co. agree to receive goods so consigned at such railroad station, and to have three fourths of the value of such goods insured against loss by fire in good stock offices ; to sell such boots and shoes in accordance with the instructions of said Rubber Company, and in conformity to the rules and restrictions which may be made for establishing uniformity in prices and terms for the sale of india rubber boots and shoes by the manufacturers of such goods, known as the ' Shoe Associates ' ; that they will render an accurate account of sales on or about the first of each and every month, showing the time such sales shall mature, or the average maturity ; and that they will charge on all such sales a commission of six and one quarter per cent. on the net amount which may be due said Rubber Company, which charge shall include commission, labor, cartage, insurance, and a guaranty of one third of the amount of sales at maturity, and every expense whatever. And it is further agreed, that said Preston Ware, Jr. & Co. shall pay over as received, to said Rubber Company, all money which they shall receive for goods sold for cash, and bills receivable sufficient to balance each monthly account."

By the performance of this contract, the account between the parties would be balanced on or about the first of every month. If the sales of the preceding month had been small, the plaintiffs might not receive enough to remunerate them for their services, or even for their expenses during the month. On the other hand, if the sales were large, the remuneration would be large. But however this might be, no claim would remain against the defendants.

On the first of April 1857 the plaintiffs rendered to the defendants an account of their dealings for the preceding month,

consisting of a variety of items.   The account included an item of $2,684.56, for commissions on goods which they had not sold. This action is brought to recover that item. ' The charge is in the following terms :

" To one half commissions on net amount of goods
delivered Dane, Wheeler & Co., value $85,905.98 ;
3⅛ per cent.,   .   .   .   .   .   .   .   $2,684.56."

The delivery of the goods to Dane, Wheeler & Co. was for the purpose of closing the agency.

In January 1857 the plaintiffs had expressed dissatisfaction with the business, and desired to make a new contract, by which their commissions should be increased.   The defendants declined to accede to this change.   The plaintiffs desired to close the agency immediately, and the defendants consented to its being closed on the 1st of April.   It was not closed through the fault of the defendants, or at their request, but in compliance with the desire of the plaintiffs.   By such a termination, the plaintiffs could not acquire a right to any further compensation for their services than the contract provided for.   And by the contract, the charges of the plaintiffs in their account rendered for the month of March, excluding the item in controversy, were to be in full for commissions, labor, cartage, insurance, guaranty and every expense whatever, up to that time, the accounts for the previous months having been regularly rendered and settled. Those charges included the labor of delivering the goods to Dane, Wheeler & Co., who had agreed to become the agents of the defendants, and to whom the defendants had agreed to pay the same commissions for receiving and selling their goods that the plaintiffs would have received if they had sold them.   And the plaintiffs have no further claim against the defendants.

This being a written and express contract, the evidence offered in respect to the usage of commission merchants to charge half commissions when goods consigned to them in the ordinary way for sale are taken back, is not applicable to this case ; for an express contract cannot be controlled or varied by usage.   *The Schooner Reeside,* 2 Sumner, 567.

*Judgment for the defendants.*